IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK F., a Minor, by his Parents and Natural Guardians, et al.,** : | Civil No. 1:06-CV-1463 |
| **Plaintiffs,** : | JUDGE SYLVIA H. RAMBO |
| v. : | |
| **RED LION AREA SCHOOL DISTRICT,** : | |
| **Defendant.** : | |

## **M E M O R A N D U M**

This case arises out of a dispute over whether Defendant, the Red Lion Area School District (hereinafter "the School District") complied with various statutes and administrative orders regarding the School District's provision of special education services for Plaintiff, Derrick F.,[1] who is deaf-blind.  Defendant moves for a new trial or reconsideration of the court's September 1, 2006 preliminary injunction order pursuant to Federal Rule of Civil Procedure 59, subsections (a) and (e).  Defendant submits a copy of a draft Individualized Education Program (IEP) that it argues constitutes after-acquired evidence warranting an amended judgment or new trial.  Plaintiffs dispute that Defendant has set forth "new" evidence that satisfies the requirements of Rule 59 or has otherwise established any "manifest" error of law or fact.  Because Defendant fails to provide new evidence, or otherwise establish a manifest error of law or fact, that would support reconsideration or a new trial, the court will deny Defendant's motion.

---

[1] The other Plaintiffs in this action are Derrick's parents.  Derrick was nine years old at the time of the preliminary injunction hearing and the court's September 1, 2006 decision.

**I.**     **Background**

A detailed statement of facts is included in the court's September 1, 2006 order (Doc. 25). The facts relevant to the instant inquiry are as follows.

On September 1, 2006, the court granted Plaintiffs' motion for a preliminary injunction (Doc. 2) in part. (*See* Doc. 25.) Specifically, the court ordered the School District to provide, within thirty days of the court's order, five days of advance training and ten days of in-school training to Derrick's intervener, Mrs. Prowell, in accordance with language included in an IEP dated March 31, 2006. The court awarded injunctive relief after finding that the March 31, 2006 IEP admitted at the trial was the final IEP setting forth requirements for Derrick's education. That finding was based "in large part due to deference to the findings of the PDE." (*Id.* at 9.)

On September 14, 2006, Defendant filed a Motion for Reconsideration and/or New Trial (Doc. 26). The School District attached to the motion a copy of an IEP draft purported to be the working draft used at the March 31, 2006 IEP meeting (hereinafter "working draft"). Defendant argues that the working draft establishes that the parties had not reached agreement or developed a final IEP at the conclusion of the March 31, 2006 IEP meeting and, therefore, establishes that the March 31, 2006 IEP reviewed by the court was not final. Defendant also attached an affidavit of Laura J. Fitz, the Supervisor of Special Education for the School District, stating that she had not found the working draft sooner due to health problems she experienced from the time Plaintiffs filed the complaint up until and during the time she testified at the preliminary injunction hearing.

Plaintiffs filed their brief in opposition to Defendant's motion on October 13, 2006 (Doc. 28) and Defendant filed its reply brief on October 27, 2006 (Doc. 29). Thus, the matter is ripe for disposition.

## II.     Legal Standard

### A.     Motion for Reconsideration

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry. *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations omitted). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of

judgment.  *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541.  Finally, "[r]econsideration of judgment is an extraordinary remedy[, and] such motions should be granted sparingly."  *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

>     **B.**     **Motion for New Trial**

A motion for a new trial is governed by Federal Rule of Civil Procedure 59.  Under this rule, in the case of a jury trial, "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  Fed. R. Civ. P. 59(a)(1).  In the Third Circuit, a new trial is warranted "when the verdict is against the great weight of the evidence or errors at trial produce a result inconsistent with substantial justice."  *Sandrow v. United States*, 832 F. Supp. 918, 918 (E.D. Pa. 1993) (citing *Roebuck v. Drexel Univ.*, 852 F.2d 715, 735-36 (3d Cir. 1988)); *see also Bullen v. Chaffinch*, 336 F. Supp. 2d 342, 346 (D. Del. 2004) (noting that excessive damages or improper use of peremptory challenges to exclude potential jurors on the basis of race are other grounds for a new trial).

When a motion for a new trial is based on a prejudicial error of law, the court has broad discretion to order a new trial.  *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993).  If, however, a motion for a new trial is premised on a verdict that is allegedly against the weight of the evidence, the court's discretion is more limited.  *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991).  Under these circumstances, a new trial should only be granted when the verdict "cries out to be overturned or shocks the conscience."  *Id*.  Nonetheless, in

reviewing a motion for a new trial, the court must draw all reasonable inferences in favor of the verdict winner. *Marino v. Ballestas*, 749 F.2d 162, 167 (3d Cir. 1984); *see also* 12 James Wm. Moore et al., Moore's Federal Practice § 59.13.

**III.      Discussion**

   **A.     Motion for Reconsideration**

Defendant fails to identify new evidence that establishes an error of fact sufficient to alter the court's decision regarding the finality of the March 31, 2006 IEP or the court's preliminary injunction order. Defendant advances two arguments for why the court's September 1, 2006 preliminary injunction order was in error. First, Defendant maintains that the working draft was excusably overlooked and invalidates the court's finding that there was a final IEP. Second, Defendant argues that the court's finding that the March 31, 2006 IEP introduced by Plaintiffs (Ex. P-5) was the final IEP was an error of fact because it was based on consideration of evidence that was not admitted.

Plaintiffs challenge whether the working draft could have been located before the preliminary injunction hearing through due diligence, as well as whether the working draft provides a sufficient basis to alter the court's decision, in light of the evidence adduced during the hearing. In light of all of the evidence, the court finds that the working draft fails to establish an error of fact or any other basis for altering the court's decision that, based on the preponderance of the evidence, the March 31, 2006 IEP was final.[2] Moreover, the court's previous findings, including

---

[2] Because the court finds that the working draft fails to establish an error of fact that is a
(continued...)

its interpretation of the PDE's position, were based on the preponderance of admissible evidence only.

      Because the court's consideration of both of Defendant's arguments turns on the preponderance of the evidence, the court will review, briefly, the relevant evidence.  The March 31, 2006 IEP that was introduced at the preliminary injunction hearing (Ex. P-5) included language, on pages forty-seven and forty-eight, specifying five-day and ten-day training sessions for the intervener, to be provided by a qualified intervener trainer.  That training language does not appear in the working draft.  However, there are a number of hand-written comments throughout other pages of the working draft, a substantial portion of which are reflected in the March 31, 2006 IEP.  Similarly, the working draft contains a marked-up version of the March 31, 2006 transition plan; those hand-written notations are reflected in the transition plan that was included with the March 31, 2006 IEP that was admitted.  (*See* Ex. P-5.)  The transition plan dated March 31, 2006 acknowledges that Derrick's parents proposed the five and ten-day intervener training sessions and that the School District would provide its proposal for intervener training "as soon as possible."  (*Id.*)  Thus, the IEP dated March 31, 2006 that was relied upon at the preliminary injunction hearing appears to be a later version than the working draft that reflects the parties' discussions at the March 31, 2006 IEP meeting.

      The parties also introduced other evidence that sheds light on the parties' agreement regarding the March 31, 2006 IEP, including correspondence

---

[2](...continued)
sufficient basis for reconsideration, the court will not address the issue of whether the draft constitutes new evidence that was previously unavailable because it was "excusably overlooked."

between the parties' attorneys and a PDE report. An April 21, 2006 e-mail from Brooke Say, counsel for Defendant, to Kelly Darr, counsel for Plaintiffs (Ex. P-20) begins with the statement: "Here is Laura [Fitz's] (nearly) finished copy of the IEP." The version of the IEP that is attached to the e-mail is not identical to what was submitted as Plaintiffs' Exhibit P-5; however, the e-mail attachment includes identical five and ten-day training language. (*Id.*) The April 21, 2006 e-mail references changes that Ms. Fitz wanted to make; however, the one change specifically identified, to "the section for specially designed instruction" (*id.*), did not pertain to the language setting forth the five and ten-day training requirements (*see* Ex. P-5 at 42-43). The e-mail makes one other reference to another issue that Ms. Fitz wanted to discuss (Ex. P-20), but the record contains no evidence regarding what it might have been or whether the parties subsequently discussed it. The specific change that was requested, however, was made. (*See id.*; Ex. P-5 at 42-43.) The versions are not otherwise substantially different, which is consistent with the statement that the attached draft was "nearly" final. The correspondence also indicates that the parties agreed to the five and ten-day training language.

      The court also considers relevant PDE's June 30, 2006 Complaint Investigation Report ("CIR") (Ex. P-8). The court's September 1, 2006 order took into account the PDE's findings, in particular, finding number 13, which indicates that

> [i]n the IEP, the District agreed under Supports to School Personnel to obtain an experienced and qualified trainer to train the intervener for an initial 5-day training session before the intervener started working with the student, followed by 10-day training after the intervener started working with the student, and periodic training sessions over the following six months.

7

(*Id.* at 3.) The CIR also details PDE's consideration of the IEP dated March 31, 2006, and the Notice of Recommended Educational Placement ("NOREP") signed by Derrick's mother on April 27, 2006. (*Id.* at 2, "Sources of Information.") The NOREP refers three times to the "IEP developed on 3/31/2006" in setting forth what action is proposed, why it is proposed, and what the recommended placement for Derrick was. (Ex. P-6.) PDE's findings and the language of the NOREP, when viewed in totality with the other evidence submitted at the preliminary injunction hearing, establish that the March 31, 2006 IEP was final such that the intervener training language was binding upon the School District.

    Accordingly, there was sufficient evidence admitted to satisfy the preponderance of the evidence standard for determining that the March 31, 2006 IEP reviewed here was final, even if the court were to consider the working draft.[3] Therefore, Defendant fails to show either that the working draft establishes an error of fact or that the court's decision was erroneous because it relied upon evidence that was not admitted. The court will deny Defendant's motion for reconsideration with respect to these grounds.

    Defendant further argues that the court's deference to PDE's assessment of the finality of the March 31, 2006 IEP was overly deferential or

---

[3] To the extent that Defendant argues that either the fact that Plaintiffs' Exhibit 5 was different than the draft initially brought to the March 31, 2006 meeting, or the fact that the IEP was further revised by the parties after the March 31, 2006 IEP meeting, shows that there was no agreement, the court is satisfied that the evidence detailed above establishes that the parties agreed to the IEP dated March 31, 2006, that was submitted to the court, particularly with respect to the training language. Any imprecise references that infer that the IEP dated March 31, 2006 was final on March 31, 2006, rather than being revised some time shortly thereafter to its final form and retaining the March 31, 2006 date, do not alter the court's finding that the version of the March 31, 2006 IEP submitted here (Ex. P-5) was the final IEP. For similar reasons, and based on the court's finding that Defendant fails to establish an error of fact supporting reconsideration, the court finds Defendant's misrepresentation and fraud arguments to be moot.

contrary to case law. Such arguments fail to present "an intervening change in the controlling law" or arguments that Defendant did not have the opportunity to present previously. *Max's Seafood Café*, 176 F.3d at 677. They amount to nothing more than an attempt "to reargue matters already argued and disposed of" or "to relitigate a point of disagreement" with the court's ruling, which is not the proper purpose of a motion for reconsideration. *Ogden*, 226 F. Supp. 2d at 606. Accordingly, Defendant fails to advance sufficient grounds to support reconsideration of the court's September 1, 2006 order. Therefore, the court will deny Defendant's motion for reconsideration.

### B. Motion for New Trial

Similarly, Defendant fails to establish a basis for granting a new trial. Because, as discussed above, the preponderance of the evidence supports the court's finding that the March 31, 2006 was final, the court's September 1, 2006 order was neither "against the great weight of the evidence" nor "a result inconsistent with substantial justice." *Sandrow*, 832 F. Supp. at 918. Accordingly, the court will deny Defendant's motion for a new trial.

### IV. Conclusion

For the foregoing reasons, the court will deny Defendant's motion for reconsideration or a new trial. An appropriate order will issue.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated: November 14, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK F., a Minor, by his Parents and Natural Guardians, et al.,** : <br> : <br> **Plaintiffs,** : <br> : <br> v. : <br> : <br> **RED LION AREA SCHOOL DISTRICT,** : <br> : <br> **Defendant.** : | **Civil No. 1:06-CV-1463** <br><br> **JUDGE SYLVIA H. RAMBO** |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's Motion for Reconsideration and/or New Trial (Doc. 26) is **DENIED**.

       s/Sylvia H. Rambo
       SYLVIA H. RAMBO
       United States District Judge

Dated: November 14, 2006.